UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWN OTTE and TIFFANY BELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:22-CV-00027 NCC |
| ) | |
| RANDOLPH COUNTY JAIL STAFF, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiffs' complaint.[1] Also before the Court is plaintiffs' motion for leave to commence this action without payment of the required filing fee.

Plaintiff Shawn Otte, an inmate at Macon County Jail in Macon, Missouri, brings this action, along with his wife, Tiffany Bell, asserting multiple claims for relief against thirteen (13) defendants. Shawn Otte has signed his wife's name, Tiffany Bell, to both his complaint and his motion to proceed in forma pauperis, a pleading practice that is not allowed in Federal Court. The complaint is made up of claims that appear to be unrelated. The central claims in the complaint relate to Shawn Otte's time in the Randolph County Jail. Mr. Otte claims that an unknown defendant failed to provide timely medical care to him after he had seizures in the Jail. The second set of claims are unrelated to Mr. Otte's claims. Mr. Otte asserts that he and Tiffany Bell's due process rights were violated when their children were removed from their home.

The Court will deny plaintiff Shawn Otte's motion to proceed in forma pauperis as it is incomplete. He has failed to provide a prison account statement or financial information. Plaintiff

---

[1] The Court notes that although the caption of the complaint contains both plaintiffs' names, plaintiff Shawn Otte appears to have signed Tiffany Bell's name on her behalf to both the complaint and to his motion to proceed in forma pauperis.

Shawn Otte will be required to file a new motion to proceed in forma pauperis and prison account statement within twenty-one (21) days or pay the full $402 filing fee. Furthermore, after reviewing the complaint, the Court will order plaintiff Shawn Otte to amend his complaint within twenty-one (21) days of the date of this Memorandum and Order.

**Discussion**

As set forth above, plaintiff Shawn Otte, an incarcerated inmate in Macon County Jail, has filed a joint complaint, along with his wife, Tiffany Bell, in this action pursuant to 42 U.S.C. § 1983 against thirteen (13) defendants: (1) Randolph County Jail Staff; (2) Randolph County Sheriff Department; (3) Randolph County Sheriff Officer; (4) Randolph County Children Division; (5) Randolph County Prosecutor; (6) Judge James Cooksey; (7) Chandra Bankhead; (8) Stephanie Wehmeir; (9) Kevin Neese; (10) Mike Fusselman; (11) Kimberly Cook; (12) Melissa Connoley; and (13) Macon County Children Division. Plaintiff, Shawn Otte, appears to have signed his wife's name to both his motion to proceed in forma pauperis, as well as the complaint sent to the Federal Court from the Macon County Jail. However, Ms. Tiffany Bell has failed to file a separate motion to proceed in forma pauperis or sign her own name to the civil complaint form.

Pursuant to Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented." Similarly, the local rules of this Court also require that all filings be signed by the party or the party's attorney. E.D. Mo. L.R. 2.01(A)(1). Because plaintiff Shawn Otte is proceeding pro se, he cannot represent his wife, Tiffany Bell, another pro se litigant in this action. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney…may not engage in the practice of law on behalf of others"); *Iannaccone v. Law*, 142

F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"). As a result, plaintiff Tiffany Bell will be stricken from this action. Tiffany Bell may, of course, file her own complaint in Federal Court, along with her own motion to proceed in form pauperis, if she wishes to pursue her own claims.

As noted above, plaintiff Shawn Otte's complaint contains unrelated claims. He appears to be complaining of a delay in medical care at the Randolph County Jail. Specifically, he claims that he did not receive immediate care when he suffered from seizures in the Randolph County Jail. However, he has failed to specifically identify the particular defendants who he believes failed to provide him care at the Randolph County Jail, which is required in order to state a claim under 42 U.S.C. § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff also alleges in his complaint that his children were taken away from him without due process. However, he once again fails to personally identify the individuals responsible for the purported constitutional violations. Additionally, because his medical care claims in the Randolph County Jail are unrelated to his child custody claims, they cannot be brought within the same lawsuit. *See* Fed.R.Civ.P.20(a)(2). Thus, plaintiff will be required to file an amended complaint setting forth just one set of his claims. Because this action has been filed as a prisoner action

3

brought pursuant to 42 U.S.C. § 1983, the Court will instruct plaintiff as to the filing of his medical claims at the Randolph County Jail. If plaintiff wishes to bring his child custody claims in a separate lawsuit, he may do so.

### Instructions for Filing an Amended Complaint

Plaintiff is advised that the filing of an amended complaint containing his medical care claims relative to the Randolph County Jail defendant(s) **completely replaces** the original complaint and all supplements, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue relative to his medical care claims at the Randolph County Jail. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant.  If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is advised that it insufficient to refer to a group of defendants and conclude that they committed wrongdoing.  Instead, plaintiff must plead facts showing how each defendant was

directly involved in and personally responsible for the alleged injury. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff failed to allege defendant was personally involved in and directly responsible for incidents that injured him).

If plaintiff fails to file an amended complaint on a Court-provided form relative to his medical care claims at the Randolph County Jail, as well as a motion to proceed in forma pauperis and a prison account statement, within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that, plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED WITHOUT PREJUDICE as it is incomplete**.

**IT IS FURTHER ORDERED** that plaintiff Tiffany Bell is **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that Clerk of Court shall mail to plaintiff two copies of the Court's Prisoner Civil Rights Complaint forms and Motion to Proceed in Forma Pauperis – Prisoner Cases forms.

**IT IS FURTHER ORDERED** that that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $402 filing fee or submit a motion to proceed in forma pauperis on the Court-provided form.  If plaintiff files a motion to proceed in forma pauperis, he shall also

submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 6th day of May, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE