UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWN OTTE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 2:22-cv-0027-SEP |
| | ) |
| RANDOLPH COUNTY JUVENILE OFFICE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Shawn Otte's Amended Complaint.  Doc. [8].  Upon review of the Amended Complaint, the Court concludes that it lacks subject matter jurisdiction over this matter.  Plaintiff must show cause why this action should not be dismissed for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  Plaintiff must also file a motion to proceed *in forma pauperis* within twenty-one (21) days of the date of this Memorandum and Order.  Plaintiff's Second Amended Complaint, filed as an exhibit to his Amended Complaint, is stricken in accordance with the Court's May 6, 2022, Memorandum and Order.

BACKGROUND

Plaintiff, an inmate at Fulton Reception Diagnostic Center (FRDC), filed this action on April 25, 2022, with his wife, Tiffany Bell. At the time of the filing of this action, he was detained in Macon County Jail.

Plaintiff filed his Amended Complaint on May 25, 2022, on a Court-provided form under 42 U.S.C. § 1983.  Doc. [8].  He brings this action against the following Defendants: Randolph County Juvenile Office; DFS Office; Chandra Bankhead (Juvenile Officer); Stephanie Wehmeir (Deputy Juvenile Officer); Kevin Neese (Juvenile Officer); Mike Fusselman (State DFS Attorney); Kimberly Cook (Deputy Juvenile Officer); Melissa Connoley (Deputy Juvenile Officer); James Cooksey (Juvenile Court Judge); Chezney Nichole Schulte (potential adoptive parent of Plaintiff's child); Parker Cote Schulte (potential adoptive parent of Plaintiff's child); and Christina McCartney (Schulte's attorney).  *See id.*

Plaintiff failed to fill out the "Statement of Claim" section of his Amended Complaint.  It appears that he contests the removal of his children from his and his wife's custody.  As relief, Plaintiff states that he wants to "get [his] kids back."  Doc. [8] at 7.

The Court has reviewed the sealed exhibits attached to the Amended Complaint. Doc. [9]. The exhibits indicate that Plaintiff contests the juvenile court proceedings relating to the termination of Plaintiff's parental rights of his two minor children. As part of the exhibits, Plaintiff has attached a copy of a separate form complaint against Randolph County Jail Staff and Randolph County Sheriff's Department, relating to the alleged failure of the jail staff to provide medical treatment for seizures that occurred while he was detained at Randolph County Jail. As this Court noted in its May 6, 2022, Memorandum and Order, Plaintiff may not pursue unrelated claims in the same action. *See* Fed. R. Civ. P. 18, 20. Thus, the Court strikes the putative Second Amended Complaint contained in the sealed exhibit. Plaintiff may attempt to refile those claims in a separate action before this Court.[1]

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Determining whether a complaint states a plausible claim for relief is "context specific" and requires "the reviewing court to draw on its experience and common sense." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court need not "accept as true any legal conclusion couched as a factual allegation").

---

[1] Plaintiff filed an action on September 15, 2022, with the same or similar claims against Randolph County Jail in *Otte v. Randolph County*, No. 2:22-CV-66 CDP (E.D. Mo). The Court ordered Plaintiff to amend his complaint on a Court-provided form on September 19, 2022. When Plaintiff failed to do so, his action was dismissed under Federal Rule of Civil Procedure 41 on November 4, 2022.

This Court liberally construes complaints filed by pro se plaintiffs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "liberal construction" means that "if the essence of an allegation is discernible," the Court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon*, 795 F.3d at 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even pro se complaints, however, "must allege facts which, if true, state a claim for relief as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must they interpret procedural rules "to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993).

## DISCUSSION

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The court has the duty to determine jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). It must dismiss any action if it determines that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If the Court lacks both diversity jurisdiction and federal question jurisdiction, the case must be dismissed for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (no subject matter jurisdiction exists if there is neither diversity of citizenship nor federal question jurisdiction).

Plaintiff's Amended Complaint fails to establish either basis for this Court's jurisdiction. The Court has diversity jurisdiction under 28 U.S.C. § 1332 "when the citizenship of each plaintiff is different from the citizenship of each defendant," and "when the matter in controversy exceeds $75,000." *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Diversity jurisdiction does not exist here because Plaintiff and Defendants all appear to be citizens of the State of Missouri.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts "original jurisdiction over 'civil actions arising under the Constitution, laws, or treaties of the United States.'" *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015)

3

(quoting § 1331). "[W]hether a claim arises under federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "The well-pleaded complaint rule 'provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.'" *Id.*

Plaintiff's Amended Complaint is drafted on a Court-provided form for filing claims brought under 42 U.S.C. § 1983 claims. But Plaintiff fails to allege that Defendants violated the Constitution or federal law. Plaintiff contests the state-court custody decision regarding his children, as well as the termination of his parental rights. The state-court decision is based on state law, not federal law. On the face of Plaintiff's Amended Complaint, this action does not arise under the Constitution, laws, or treaties of the United States.

This Court also lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction. In general, federal courts cannot exercise jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). State courts have exclusive jurisdiction over those matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

Plaintiff gives no indication that his claims could not receive a full and fair determination in state court, or that the state court (where the custody proceedings were held) would not be better equipped to handle these issues. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

Without a "Statement of Claim," Plaintiff's Amended Complaint lacks allegations against any of the named Defendants in this action. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for

4

[her] name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).  Even if Plaintiff had included specific allegations against the defendants employed by the State of Missouri, Plaintiff's § 1983 damage claims against them in their official capacities would be barred, either by the Eleventh Amendment or because they are not "persons" capable of being sued.  *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *see also Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.").[2]  And any § 1983 claims against private citizens—the adoptive parents and their attorney—are subject to dismissal, as "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).

## CONCLUSION

Nothing in Plaintiff's Amended Complaint indicates that the Court has jurisdiction over this matter.  This case does not arise under the Constitution, laws, or treaties of the United States, so the Court cannot exercise federal question jurisdiction under 28 U.S.C. § 1331.  And the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332 because it appears that Plaintiff and Defendants are citizens of the same state.  Plaintiff must show cause, within twenty-one (21) days of the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must file a motion to proceed *in forma pauperis* no later than twenty-one (21) days from the date of this Order.

---

[2] Similarly, any claims against the Department of Family Services Office would be barred by sovereign immunity.  "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).  The Eleventh Amendment confers sovereign immunity on an unconsenting state from suits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl*, 72 F.3d at 618-19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").  The Eleventh Amendment bars suit against a state or its agencies "for any kind of relief, not merely monetary damages." *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

**IT IS FURTHER ORDERED** that Plaintiff must show cause, within twenty-one (21) days of the date of this Order, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint, filed as an exhibit to his Amended Complaint, Doc. [9], is **STRICKEN in accordance with the instructions set forth in the Court's May 6, 2022, Order**.  Plaintiff may refile the allegations within his Second Amended Complaint on a new Court-provided form.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, this action may be dismissed without prejudice.

Dated this 23rd day of December, 2022.

*/s/ Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE